

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4102
Re: Payment of claim for
salary of special dis-
trict judge for services
rendered subsequent to
the return of the regu-
lar district judge.

We have your letter of December 8, 1941, respecting claim for salary of George M. Conner for services as special district judge of the 17th District Court. Your letter is as follows:

"Honorable George M. Conner has been serving as Special District Judge of the 17th District Court for a number of months during the time that Judge Culver, the regular District Judge has been absent from the district in the service in connection with the United States Army. Upon the return to the district by the regular District Judge there was pending before Judge Conner, the Special District Judge, a number of cases that required some time to bring to a normal conclusion. As a result Judge Conner, the Special District Judge of that district, has filed with this department his claim for seventeen days of service after the return of the Special District Judge.

"I will thank you to advise this department whether or not it will be authorized to issue warrant to Judge Conner for the seventeen days of service.

"A better explanation of this might be had from a letter addressed to this department by Judge Conner December 5. I am attaching his letter hereto."

The facts upon which the claim of Judge Conner is based are set out in the following portion of his letter to you of December 5, 1941, which you have submitted to us:

". . . .

"When Judge Culver returned, I went over with him the pending matters and turned over to him everything which he felt he could handle without retrying the case. For instance, there was one motion for new trial pending wherein the only grounds set forth had to do with alleged misconduct of the jury. This presented a new aspect of the case and one judge could hear it as well as another. All such matters were left with Judge Culver and I did no further work on them. But he did not want to pass on motions for new trials, motions for judgment, motions for judgment non obstante verdicto, etc., or to decide cases on briefs where I had heard the witnesses and the original oral argument. There was one case, the trial of which before me consumed an entire week, the evidence being completed four days before Judge Culver's return. It was an important case and the parties requested permission to file written briefs and arguments. It was in connection with matters of that nature that I worked seventeen days after Judge Culver's return. I still have some statements of fact to approve, some findings of fact and conclusions of law to file, and some formal orders to enter in cases which I tried, but I do not intend to present any further claim on that account, since I can handle such matters in my spare time."

Based upon the facts contained in your letter of December 8th and the above quoted portion of Judge Conners letter of December 5th, you have requested that this department advise you whether or not you are authorized to issue warrant to Judge Conner for the seventeen days of service performed subsequent to the return of the regular district judge of the 17th District Court.

Article 6821 of Vernon's Revised Civil Statutes of Texas provides as follows:

"The salaries of special judges commissioned
by the Governor in obedience to Section 11, Article
5, of the Constitution, or elected by the practic-
ing lawyers or agreed upon by the parties as provid-
ed by law, shall be determined and paid as follows:

"1. Each special judge shall receive the same
pay as district judges for every day that he may be
occupied in performing the duties of judge, and
those commissioned by the Governor shall also re-
ceive the same pay as district judges for every day
they may be necessarily occupied in going to and
returning from the place where they may be requir-
ed to hold court.

". . . ."

You will note that Section 1 of Article 6821, above
set forth, provides that a special judge shall receive compen-
sation "for every day that he may be occupied in performing
the duties of judge." We do not believe that the Legislature
in enacting this Article intended that a special judge should
only receive compensation for services performed during the ab-
sence of the regular judge where the services performed by the
special judge subsequent to the return of the regular judge
are necessary and proper in the orderly disposition of matters
heard by him during the absence of the regular judge. We do not
think the return of a regular judge will have the legal effect
to oust jurisdiction of the special judge to complete the trial
of the case in which he is then engaged, or divest him of au-
thority to hear motions, or to do such other things as are nec-
essary to make orderly disposition of the matters which have
been undertaken by him. Johnson v. Bussey, (Civ. App., Texarkana)
writ refused, 95 S. W. (2d) 990.

As we understand the facts presented by you the ser-
vices performed by Judge Conner, the special judge, subsequent
to the return of the regular judge and for which he seeks com-
pensation were passing on motions for new trial, motions for
judgment, motions for judgment non obstante verdicto, hearing
oral arguments, studying written briefs and arguments, approving
statements of fact and filing findings of fact and conclusions
of law in cases heard by him during the absence of the regular
district judge.

The law is well settled in this State that a regular judge and a special judge can hold court at the same time. Dodrill v. Jenkins, 40 S.W. (2d) 981; Niagara Insurance Co. v. Lee, 73 Tex. 641, 11 S.W. 1024; Bedford, et al. v. Stone, 43 Tex. Civ. App. 200, 95 S.W. 1086; Daniel v. Bridges, 73 Tex. 150, 11 S.W. 121; Oliver v. State, 70 Tex. Crim. Rep. 140, 159 S.W. 235. It is also settled in this State that while a special judge is hearing the case he was elected to to try the regular judge can continue to try other cases on the docket. Hamilton v. State, 74 Tex. Crim. Rep. 219, 168 S.W. 536.

Under the facts here presented the services performed by the special judge subsequent to the return of the regular judge were in connection with cases presented to him during the absence of the regular judge in which all of the evidence had been heard by him. Under these facts we do not believe that it could be reasonably contended that the regular judge could properly proceed with the ultimate disposition of the case in passing upon motions for new trial, motions for judgment, etc., which ultimate disposition would necessarily entail a knowledge of the facts and circumstances known only to the special judge. Therefore to hold that jurisdiction of the special judge ceased regardless of the circumstances upon return of the regular judge would not only result in confusion, but also injustice.

We are therefore of the opinion and you are so advised that the services performed by Judge Conner as outlined in the portion of his letter of December 5, 1941, above quoted, were necessary and proper services to be performed by him subsequent to the return of the regular judge and that during such time he was "occupied in performing the duties of judge," within the purview of Article 6821, and as such would be entitled to compensation for every day that he was occupied in performing such services.

This opinion, however, is restricted to the factual situation presented by the letters quoted herein.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Douglas E. Bergman_
Douglas E. Bergman
Assistant

APPROVED DEC 30 1941

FIRST ASSISTANT
ATTORNEY GENERAL

DEB:db

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN